IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EFRON DORADO, S.E.<br><br>**Plaintiff**<br><br>v.<br><br>ZURIXX, LLC, ET AL,<br><br>**Defendants** | **CIVIL NO. 23-1611(RAM)** |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Efron Dorado, S.E.'s ("Plaintiff") *Motion for Remand* asserting that removal was untimely. (Docket No. 20). Plaintiff alleges that Defendants Zurixx, LLC and David K. Broadbent's (collectively, "Defendants") were notified of the pending action "through an email to their attorney on August 3, 2023." Id. at 1. Defendant's *Notice of Removal* was filed on December 14, 2023, *i.e.*, 133 days after the August 3rd email. (Docket No. 1). Defendants counter that the August 3rd email did not constitute adequate notice under § 1446(b)(1). (Docket No. 23).

28 U.S.C. § 1446(b)(1) requires that the notice of removal of a civil action be filed "**within 30 days** after the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (emphasis added). In Murphy Bros. v.

Civil No. 23-1161(RAM)                                                    2

<u>Michetti Pipe Stringing, Inc.</u>, the Supreme Court analyzed this provision, and held that the phrase "through service or otherwise" did **not** undermine the requirement of service of summons. <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 351-52 (1999). Instead, it considers that in some states, the summons and complaint are served **together**, whereas in others, the complaint is provided **after** service of summons. <u>Id.</u> at 353. Therefore, Congress sought to "extend removal time (by adding receipt of the complaint)" rather than "set removal apart from all other responsive acts [and] render removal the sole instance in which one's procedural rights slip away before service of a summons." <u>Id.</u> at 356. In sum, the Supreme Court determined:

> An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, **but not by mere receipt of the complaint unattended by any formal service**.

<u>Id.</u> at 347-348 (emphasis added).

In keeping with Supreme Court precedent, merely sending a copy of the complaint via email to Defendant's assumed counsel is insufficient to trigger the 30-day deadline to file a notice of

Civil No. 23-1161(RAM) 3

removal. Therefore, Plaintiff's *Motion to Remand* at Docket No. 20 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 26th day of January 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge